IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

GESY CAROLINA LOPEZ BURUCA
10256 Irongate Way
Manassas, Virginia 20109

    Plaintiff,

v.

COAST TO COAST RENOVATIONS, LLC
t/a HOTEL MAINTENANCE SERVICES
94 Clark Road
Morgantown, West Virginia 26508

    Serve: Resident Agent
           Bonnie (Keeton) Hughes
           94 Clark Road
           Morgantown, West Virginia 26508

    Defendant.

Civil Action No.

1:15-cv-1087
CMH/IDD



FILED
AUG 25 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT

Plaintiff, Gesy Carolina Lopez Buruca ("Plaintiff"), by and through her attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Defendant Coast to Coast Renovations, LLC t/a Hotel Maintenance Services (collectively "Defendant"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

### INTRODUCTION

Plaintiff worked for Defendant as a laborer. At all times Plaintiff was paid at the same regular hourly rate regardless of the number of hours worked. She worked on average fifty-six hours per week and was not paid at the overtime rate of one and a half times her regular hourly wage as required by federal law. Defendant has willfully violated the clear and well-established

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4201823_1

overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant Coast to Coast Renovations, LLC, t/a Hotel Maintenance Services, ("Hotel Maintenance Services") is a West Virginia Corporation doing business in Virginia.

5. At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6. Defendant is an "employer" within the meaning of the FLSA.

7. Defendant has at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendant negotiates and purchases from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

8. At all times relevant, Defendant constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

## FACTS

9. Plaintiff was employed by Defendant as a laborer from December 29, 2011 through January 29, 2015 (the "Employment Period").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

4201823_1

10. Plaintiff was paid at a regular hourly rate of $14.25 throughout the Employment Period.

11. Plaintiff worked approximately fifty-six hours per week and was never compensated at the required overtime rate of one and one half times her regular hourly rate for those hours worked over forty hours per week.

12. Plaintiff is owed approximately $16,755.50 in unpaid overtime wages.

13. Plaintiff is owed overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of federal law.

14. Federal law requires that "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *See* 29 C.F.R. § 516.4.

15. Defendant failed to post the required statutory FLSA notice.

16. By statute, Defendant is required to maintain records which document the wages, hours and other conditions of employment. 29 U.S.C. §211.

17. The precise number of hours worked, and wages owed, should be revealed through discovery.

18. Defendant knowingly and intentionally violated Plaintiff's rights federal law.

## COUNT I
## (FLSA)

19. Plaintiff adopts herein by reference paragraphs 1 through 18 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

20. Defendant was required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

21. Throughout the Employment Period, Defendant failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

22. Defendant's actions complained of herein constitute a willful violation of Section 207 of the FLSA.

23. Defendant's violation makes it liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, in her favor in an amount to be determined at trial, but not less than $33,511.00 which is two times the total overtime compensation owed, to grant Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

4201823_1